UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.    Case No. 16-20685
        Honorable Thomas L. Ludington

VICTOR PORTER GARZA,

        Defendant.
_____/

**ORDER DENYING WITH PREJUDICE MOTION FOR COMPASSIONATE RELEASE**

Defendant Victor Porter Garza pleaded guilty to distribution of cocaine on December 19, 2016. ECF. No. 23. On March 23, 2017, he was sentenced to 140 months imprisonment, which he is currently serving at Federal Prison Camp Montgomery ("FPC Montgomery"). ECF No. 28. On May 11, 2020, Defendant moved this Court for an emergency sentence reduction due to COVID-19. ECF No. 31. The parties filed response and reply briefs, and the Court considered them in deciding. ECF Nos. 32 and 33. For the following reasons, Defendant's motion will be denied with prejudice.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Both Defendant and the Government contest the issue of exhaustion. For his part, Defendant provides an "Inmate Request to Staff" addressed to the warden and expressing his desire for compassionate release due to COVID-19. ECF No. 31 at PageID.126. Defendant's request is dated April 8, 2020. *Id.* The Government contends that Defendant's request was never received. ECF No. 32 at PageID.164. If the request was received, then at least 30 days has elapsed since the BOP's receipt. While this question of fact should be noted, a resolution is unnecessary because compassionate release is unwarranted for other reasons explained in Sections I.B. and I.C. below. Accordingly, for purposes

of this decision, the Court will presume that Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is for the distribution of cocaine. ECF No. 28. Drug-related offenses are serious, and Defendant has only served 28% of his 140-month sentence.[1] ECF No. 32 at PageID.156. Additionally, this was not his first drug-related offense.

---

[1] Defendant contends that the Government miscalculated his time-served and that he has actually served 37% of his sentence. ECF No. 33 at PageID.219. Even if Defendant is right, his time served accounts for barely one-third of his sentence.

According to his Presentence Investigation Report, Defendant was previously convicted of manufacture or delivery of marijuana and related weapons offenses in 2006. Further, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his previous offenses. A consideration of the § 3553 factors indicates that Defendant is not entitled to a sentence reduction.

## C.

The next issue is whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has failed to demonstrate that he is not a danger to others.

## 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.--

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is--

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.--

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant argues that the spread of COVID-19 throughout the nation, coupled with the allegedly unsafe conditions at FPC Montgomery, qualifies as a compelling and extraordinary circumstance. ECF No. 31 at PageID.121. However, Defendant does not explain

- 5 -

how his argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered compelling and extraordinary in the context of public health, Defendant has not explained how COVID-19 is compelling and extraordinary in the context of U.S.S.G. § 1B1.13.

Further, Defendant's situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. Defendant represents that he suffers from chronic ulcerative colitis and moderate diverticulosis of the sigmoid colon. ECF No. 31 at PageID.123. While Defendant does not regularly take medication for his conditions, he claims to take several medications "when an event begins to occur." ECF No. 33 at PageID.226. Defendant's medications allegedly include mesalamine, levofloxacin, metronidazole, and ciprofloxacin, which he says are immunosuppressants. *Id.*

Defendant does not, however, represent that his conditions constitute a terminal illness. Nor does Defendant contend that his conditions substantially diminish his ability to provide self-care within FPC Montgomery. He only seeks relief based on the possibility of contracting COVID-19, which he seems to argue is more likely or dangerous because of his medication. Despite his claims, Defendant's medical records indicate that he is stable and healthy, and he has failed to show how his occasional use of immunosuppressants qualifies him for relief.[2] ECF No. 32-3. Indeed, the U.S.S.G. policy statement does not provide relief based on potential health risks. A defendant must instead have a sufficiently debilitating medical condition or terminal illness. U.S.S.G. § 1B1.13(A). Moreover, Defendant's acknowledgment of his medical treatment belies his allegation that FPC Montgomery is unprepared to meet his needs. ECF No. 33 at PageID.226.

---

[2] Defendant states that he does not use immunosuppressant medication daily because of adverse side effects. ECF No. 33 at PageID.226. Further, his medical records seem to indicate that he is not currently prescribed mesalamine or similar medication. ECF No. 32-3 at PageID.190. Ultimately, Defendant has failed to demonstrate to what extent he uses immunosuppressant medication and how his particular use qualifies him for compassionate release.

Further, Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because he is 47 years old. Subsection (C) is also inapplicable because Defendant is not seeking release in order to care for a spouse or child. Accordingly, Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142. Consideration of the above factors supports the conclusion that Defendant would be a danger to others and the community if released. According to his Presentence Investigation Report, Defendant was convicted of assault with intent to do great bodily harm less than murder in 1990. After his parole in 1998, he was again arrested in 2004 and later convicted

of manufacture or delivery of marijuana, felony firearm, and felon in possession of a firearm. He was paroled in 2009, and during his parole, he was arrested and later convicted of operating a vehicle while impaired. During the year following his release for operating a vehicle while impaired, Defendant committed the acts giving rise to the underlying conviction in this case: the distribution of roughly 735 grams of cocaine over the course of 11 sales.

Defendant's apparent participation in K-9 training and previous 28-hour furlough for a facility transfer do not alter the balance here. ECF No. 33 at PageID.220, 227-28. Defendant's repeated criminal offenses, which include violent behavior, unlawful possession of firearms, and the distribution of significant amounts of cocaine, demonstrate that Defendant would be a danger to others and the community.

## II.

Accordingly, Defendant Victor Porter Garza's Motion for Compassionate Release, ECF No. 31, is **DENIED WITH PREJUDICE**.

Dated: August 12, 2020                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Victor Porter Garza** #55016-039, MONTGOMERY FEDERAL PRISON CAMP, Inmate Mail/Parcels, MAXWELL AIR FORCE BASE, MONTGOMERY, AL 36112 by first class U.S. mail on August 12, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

- 9 -